LAUTH, Respondent, vs. McKENNA STEEL WORKING COMPANY, Appellant.

*March 3—March 23, 1915.*

*Contracts: Construction: Royalties on patented furnace: Nonuser.*

Where, by the terms of a contract granting to defendant the exclusive right to use a patented furnace during the life of any of the patents thereon, defendant was to pay a royalty of $100 per year for each and every furnace erected under the agreement, the liability to pay such royalties during the period of the grant was not dependent upon use by defendant of the furnaces so erected.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action begun in the civil court of Milwaukee county to recover $500 due under a contract granting to defendant the exclusive right to the use of a patent. A judgment of the civil court in favor of plaintiff was affirmed upon appeal to the circuit court. From such judgment of affirmance the defendant appealed.

For the appellant there was a brief by *Morris & Canright,* and oral argument by *C. E. Canright.*

For the respondent there was a brief by *McElroy & Ferguson,* and oral argument by *W. J. McElroy.*

VINJE, J. February 28, 1898, the plaintiff entered into an agreement with the defendant the material portions of which read as follows:

"Whereas, the said first party is the patentee of a heating furnace known as the 'Lauth' heating furnace, covered by United States patents No. 434,715, issued August 19, 1890, and Nos. 594,111 and 594,112, issued November 23, 1897; and

"Whereas, the said second party desires to secure the exclusive right to make and use the furnace covered by said let-

ters patent, for reheating steel rails, for the purpose of renewing the same as well as for the purpose of re-rolling the same,

"Now, therefore, in consideration of the sum of five hundred ($500) dollars in hand paid, the receipt whereof is by the first party hereby acknowledged, and of the further sum of one hundred ($100) dollars per annum to be paid by said second party to said first party as a royalty, for each and every furnace erected under this agreement, the said first party hereby grants to said second party, its successors and assigns, the sole and exclusive right to use the furnace covered by said letters patent and any and all improvements hereafter made therein for the purposes hereinbefore set forth, during the lives of the said letters patents or any extensions thereof, as well as during the life of any letters patents hereafter issued for improvements germane thereto.

"If at any time prior to the end of five years after the date of this agreement any other make of heating furnace is substituted for any of the furnaces built under this agreement, then and in that event the said second party shall pay to the first party a sum of money sufficient to make the total royalty (exclusive of the said first payment of $500) on the furnace or furnaces, the use of which is discontinued, aggregate five hundred ($500) dollars per furnace."

It will be observed from the above agreement that it granted an exclusive right to use the furnace; that the duration of the grant was coextensive with the life of any of the patents mentioned, or of any extension thereof, or of any thereafter issued for improvements germane to the patents mentioned, and that the consideration for the grant was $500 and the additional sum of $100 per furnace per year for every furnace constructed.    So the agreement prescribes the duration of the grant and the annual sum per furnace to be paid during the period of the grant.    It is conceded that defendant constructed five furnaces and that some of the patents referred to have not expired.

The defendant seeks to avoid payment on the ground that during the period for which compensation is sought it had not

used the furnaces.  By the agreement the consideration was not made contingent upon use.  As aptly stated by the circuit judge, "the period during which royalty shall be paid is definitely fixed as the life of the patent having the longest time to run.  The plaintiff is thereby deprived of the use of his patents, and the defendant has the right to use the device covered by them or keep them off the market.  It is the right which the defendant acquired, to use or not at its pleasure, for which it is paying, and not for the use of the particular device."  Judgment was properly entered for plaintiff.

*By the Court.*—Judgment affirmed.